David A. Ward
   New Jersey Bar No. 042381996
   dward@klugerhealey.com
**KLUGER HEALEY, LLC**
521 Newman Springs Road, Suite 23
Lincroft, NJ  07738
Telephone:  (973) 307-0800

Randall Garteiser (*Pro Hac Vice Pending*)
   Texas Bar No. 24038912
   California Bar No. 239829
   rgarteiser@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
**ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OMNITEK PARTNERS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ASSURED AUTOMATION, INC.,**<br><br>Defendant. | CASE NO. 24-1687<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Omnitek Partners, LLC ("Plaintiff" and/or "Omnitek") files this complaint against Assured Automation, Inc. ("Defendant" and/or "Assured Automation") for infringement of U.S. Patent No. 8,695,889 ("the '889 Patent"), and alleges as follows:

1

## THE PARTIES

1. Plaintiff is a New Jersey company having its principal place at 85 Air Park Drive, Unit 3, Ronkonkoma, New York, 11779.

2. Upon information and belief, Defendant is a company organized and existing under the laws of the State of New Jersey and has a principal place of business at 263 Cox Street, Roselle, NJ 07203. Upon information and belief, Defendant can be served with process upon Johnstone, Skok, Loughlin & Lane, P.C. located at 324 East Broad Street, P.O. Box 490, Westfield, NJ 07091.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District, and Defendant has a regular and established place of business in this District.

## PATENT-IN-SUIT

8. Plaintiff is the sole and exclusive owner, by assignment, of the '889 Patent.

9. On April 15, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '889 Patent, entitled "Temperature Sensitive Valve Having Shape Memory Actuator." The '889 Patent is attached as Exhibit A.

10. Plaintiff possesses all rights of recovery under the '889 Patent, including the exclusive right to recover for past, present and future infringement.

11. The '889 Patent contains eleven claims including one independent claim (claim 1) and ten dependent claims.

12. The priority date of the '889 Patent is at least as early as January 8, 2002. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

13. Plaintiff alleges infringement on the part of Defendant of the '889 Patent.

14. The '889 Patent teaches a valve for preventing the flow of fluid from an outlet when the temperature of the fluid is above a predetermined threshold. *See* '889 Patent, Abstract.

15. The '889 Patent was examined by Primary United States Patent Examiner Marc Norman. During the examination of the '889 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 236/93 B; 236/101 R; and 236/101 B.

16. After conducting a search for prior art during the examination of the '889 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art reference found during the search: US 5,584,432.

17. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '889 Patent to issue. In so doing, it is presumed that Examiner Norman used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).

It is further presumed that Examiner Norman had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '889 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '889 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Norman.

18. The claims of the '889 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

19. The expiration date for the claims of the '889 Patent was April 23, 2023.

**COUNT I**
**(Infringement of United States Patent No. 8,695,889)**

20. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 19, the same as if set forth herein.

21. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

4

22. Defendant has knowledge of its infringement of the '889 Patent, at least as of the service of the present complaint.

23. The '889 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 1, of the '889 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the FireChek® Heat Activated Pneumatic Shut-Off Valve ("Products"), which infringe at least Claim 1 of the '889 Patent. Defendant has infringed the '889 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

25. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '889 Patent, by having its employees internally test and use these exemplary Products.

26. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

27. Exhibit B includes at least one chart comparing the exemplary claim 1 of the '889 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary Products practice the technology claimed by the '889 Patent. Accordingly, the Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary claim 1 of the '889 Patent.

28. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

29. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

30. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

3. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff states that, to its knowledge, and with the exception of *Omnitek Partners LLC v. Toto USA, Inc.*, Case 1:24-cv-00589-SDG (NDGA), the matter in controversy in this action is not the subject of any other action in any court, or any pending arbitration or administrative proceeding.

Dated:  March 5, 2024                                   Respectfully Submitted,

                                                                          */s/ David A. Ward*
                                                                          David A. Ward
                                                                          **KLUGER HEALEY, LLC**